United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, Plaintiff ) ) ) v. ) Criminal Case No. 22-20283-CR-Scola ) Efren Felipe Perez-Zapata, ) Defendant. | |

### Order Denying Motion for Sentence Reduction

    This matter is before the Court on Defendant Efren Felipe Perez-Zapata's second motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). (Mot., ECF No. 119.) The Government filed a response in opposition to Perez-Zapata's second motion on May 26, 2025. (Resp., ECF No. 120.) As the Government's response correctly notes, Perez-Zapata's second motion does not raise any new arguments and is duplicative of his first motion, which the Court denied because it lacked merit. (ECF No. 113.) Accordingly, the Court **denies** his second motion for a reduction of sentence. (**ECF No. 119**.)

**1. Background**

    On June 28, 2022, a federal grand jury indicted Perez-Zapata and his co-defendants with conspiracy to possess with intent to distribute a controlled substance and possessing with intent to distribute a controlled substance, both while on board a vessel subject to the jurisdiction of the United States. (ECF No. 8.) On December 2, 2022, pursuant to a plea agreement (ECF No. 59) and factual proffer (ECF No. 60), Perez-Zapata pleaded guilty to count one of the indictment—the conspiracy count.

    In preparation for Perez-Zapata's sentencing, the United States Probation Office prepared a pretrial services report ("PSI"), which determined that Perez-Zapata had a total offense level of 31, a criminal history category of I, and an advisory guideline range of 108 to 135 months. On March 31, 2023, the Court sentenced Perez-Zapata to 75 months in prison, followed by five years of supervised release. (J., ECF No. 103.)

    Since Perez-Zapata was sentenced, the United States Sentencing Commission issued a sentencing adjustment for certain zero-point offenders, which provides, in relevant part, for "a decrease of two levels from the offense level . . . for offenders who did not receive any criminal history points . . . and whose instant offense did not involve specified aggravating factors" ("Amendment 821"). Perez-Zapata now again seeks retroactive application of Amendment 821.

## 2. Legal Standard

The relevant Sentencing Commission policy statement provides that a court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A). Thus, the Court cannot reduce a defendant's term of imprisonment below the minimum of the amended guideline range. *See id.*; *see also Dillon v. United States*, 560 U.S. 817, 826 (2010) ("The court is also constrained by the Commission's statements dictating by what amount the sentence of a prisoner serving a term of imprisonment affected by the amendment may be reduced.") (cleaned up).

There is one narrow exception to this general rule. Under subdivision (B), "[i]f the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate." U.S.S.G. § 1B1.10(b)(2)(B). Importantly, this "comparably less" carveout applies only to defendants who cooperated with the government and received a sentence reduction either under U.S.S.G. § 5K1.1 or Rule 35(b). When "[t]he Commission amended § 1B1.10(b)(2)," it "prohibit[ed] § 3582(c)(2) reductions below a prisoner's amended guidelines range, unless the original sentence had been below the applicable guidelines range because of a reduction based upon the defendant's substantial assistance to authorities." *United States v. Colon*, 707 F.3d 1255, 1259 (11th Cir. 2013); *see also United States v. Gonzalez-Murillo*, 852 F.3d 1329, 1335-36 (11th Cir. 2017) (same).

## 3. Analysis

For the reasons articulated in the Court's prior order denying his motion for a sentence reduction, Perez-Zapata is not eligible for a sentence reduction. To reiterate, even if the Court were to apply a two-point reduction, Perez-Zapata's original 75-month sentence would still be lower than the bottom of the new guideline range (87 to 108 months, based on a level 29 and a criminal history of I), precluding further reduction pursuant to the applicable policy statement. *See* U.S.S.G. § 1B1.10(b)(2)(A).

Furthermore, Perez-Zapata still does not qualify for an exception to this general rule because he has not provided any substantial assistance to the government, and there has been no "government motion to reflect the defendant's substantial assistance to authorities." U.S.S.G. § 1B1.10(b)(2)(B). Thus, he is ineligible for a sentence reduction based on this exception.

Because applying Amendment 821 would not reduce Perez-Zapata's sentence, the Court need not consider the § 3553(a) factors.

### 4. Conclusion

Based on the foregoing reasons, the Court **denies** Perez-Zapata's second motion for a reduction of his sentence (**ECF No. 119**).

**Done and ordered** at Miami, Florida on June 17, 2025.

_____
Robert N. Scola, Jr.
United States District Judge